Gloria Dredd Haney, State Bar No. 157627
**LAW OFFICES OF GLORIA DREDD HANEY**
City Tower Center
333 City Boulevard West, 17th Floor
Orange, California 92868
Office:		714.938.3230
Fax:		714.921.2856
Email:		dreddlaw@sbcglobal.net

Attorney for Plaintiff
**ROSALYN WARREN**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALYN WARREN, <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, EDWARD MORALES, MARGARET WAGGONER, LISA HEINTZ, ROBERT STORM, AND DOES 1 THROUGH 10, INCLUSIVE, <br><br> Defendants. | Case No.: _____ <br><br> **PLAINTIFF ROSALYN WARREN'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

## I.	NATURE OF CASE

This complaint arises beginning with the unlawful retaliation and harassment leveled against Plaintiff as a result of her taking a medical leave leading to her being targeted, harassed, publicly humiliation, and eventually terminated from her position because on her race, age, disability, perceived disability, and being subjected to harassment, bullying in the workplace, denial of a good faith interactive process, retaliation, denial of medical leave, denial of reasonable accommodation, denial of

1
**PLAINTIFF ROSALYN SHEREE WARREN'S FEDERAL COMPLAINT**

rights based on 42 USC §1981, 42 USC §1983, denial of a work environment free of discrimination, retaliation because she engaged in the protected activity of complaining about the unlawful discrimination after returning from an approved medical leave, and the ultimate adverse action of being fired from her job. Finally, because she sought leave from the Family Medical Leave Act to care for her disabled son, Cory, in 2019.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343,1391, 42 U.S.C. §§1981 and 1983, and the Rehabilitation Act of 1973. This action is authorized and instituted pursuant to 20 U.S.C. §1706 requiring the appropriate United States District Court to exercise jurisdiction. 42 U.S.C. § 1981, Civil Rights Act of 1991, as amended, state that employment discrimination and retaliation cases may be filed in the United States District Court. This Court has pendent jurisdiction over Plaintiff's state claims, both administrative and common law, because they arise out of the same nucleus of common facts on which Plaintiff's federal discrimination claims are based. Pursuant to 28 U.S.C. § 1367(s), federal courts have the discretion to adjudicate state-law claims that are transactionally related to the federal claims.

2. Plaintiff has suffered and continues to suffer actual injuries as a result of the intentional, malicious, and unlawful conduct on the part of the above-named Defendants, each of them. The injuries can be traced to the challenged action and

2
**PLAINTIFF ROSALYN SHEREE WARREN'S FEDERAL COMPLAINT**

conduct in this matter. Plaintiff, ROSALYN WARREN, has a personal stake in the outcome of this action and hereby joins her request for recovery also pursuant the California Fair Employment and Housing Act ("FEHA") and has received the Department of Fair Employment and Housing's ("DFEH") right-to-sue notice. Attached as Exhibit "A" is a true copy of the complaint filed with the DFEH. Attached as Exhibit "B" is a true copy of the right-to-sue notice from the DFEH dated March 05, 2020, Case No. 202003-9500505.

3. Plaintiff resides in Los Angeles Country within the jurisdiction of the United States District Court in and for the Central District of California.

4. Defendant Southern California Permanente Medical Group is doing business in Los Angeles County within the jurisdiction of the United States District Court/Central District California in Lancaster, California in Los Angeles County.

**OVERVIEW OF RELEVANT AND BACKGROUND FACTS**

5. Because of the overwhelming nature of the discrimination, retaliation, and harassment leveled against Plaintiff, ROSALYN WARREN (hereafter "Plaintiff" or "Warren"), all of the relevant/material facts are not included in this complaint. However, Warren has submitted a sufficient representation of the facts and has established that the facts set out in this complaint identify viable causes of action and *prima facie* elements to support that causes of action in this matter and in their entirety to further support this matter must go forward to trial.

6. On or about March 06, 2019, Warren, a Black woman with a disability and

over the age of 50 years, the Defendants acted to terminate Plaintiff from your job with the California Department of Corrections and Rehabilitation as a Psychiatric Social Worker. According to plaintiff, se was harassed because of her race, color, requests for the family care or medical leave which is California's Family Rights Act for her disabled son, her own, and her own age.

7. Plaintiff was discriminated against because of her race, color, sex/gender, FMLA requests, disability, age, and was terminated, discriminated against, denied any employment benefit or privilege, denied reasonable accommodation for her disability. Plaintiff experienced retaliation because she reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used leave under the California Family Rights Act or FMLA, and as a result was terminated, reprimanded, suspended, denied reasonable accommodation for her disability, denied FMLA also.

8. Because of Plaintiff's race and because she called the police and reported an employee who threatened her and because he went out on FMLA, Plaintiff was transferred and the subsequently terminated. If Plaintiff were not Black, with a disability, and over the age of 50 years, and had not complained about being threatened, Plaintiff would not have been fired.

9. Because Defendant California Department of Corrections and Rehabilitation ("Department"), the Department gave the pretext that Plaintiff had been lying. not have a legitimate business reason or lawful reason for the termination

## STATEMENT OF A FEDERAL CLAIM

## FIRST CLAIM FOR RELIEF

(Violation of the Civil Rights Act of 1866

[As Amended, 42 U.S.C. § 1981]

Against All Defendants)

20. The allegations and attachments set forth in paragraphs 1 through 19, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

21. Section 1981 provides that all persons within the jurisdiction of the United States must be afforded the same rights and the full and equal benefit of all laws and proceedings for the security of persons and property enjoyed by white citizens regardless of race. Section 1981 covers discrimination not only in the formation of a contract but also during the duration and life of the contract.

22. Plaintiff was retaliated against up to and including termination which denied her civil rights in violation of the laws of the United States because she is an African American. No other non-Black employee who was similarly situated and supervised by both Defendants Levy and Gonzalez was treated in this manner as Plaintiff.

WHEREFORE, Warren requests relief as set forth below against the Department.

**PLAINTIFF ROSALYN SHEREE WARREN'S FEDERAL COMPLAINT**

# STATEMENT OF STATE CLAIM

# SECOND CLAIM FOR RELIEF

(Violation of the California Government Code, §12900, et seq.

for Age Discrimination in Employment Against the Department)

23. The allegations and attachments set forth above in paragraphs 1 through 22, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

23. Plaintiff is over the age of 50 years and has been discriminated against because of her age. She performed her job duties well and met the standards set by the Department. Despite these facts regarding Plaintiff's performance, she was and continues to be denied the rights and privileges of her job.

WHEREFORE, plaintiff demands judgment against defendant the Department.

# STATEMENT OF STATE CLAIM

# THIRD CLAIM FOR RELIEF

(Violation of the California Government Code, §12900, et seq.

Failure To Prevent Discrimination in Employment Against the Department)

24. The allegations and attachments set forth above in paragraphs 1 through 23 and the following paragraphs, are incorporated into this claim for relief by reference as if set forth in full.

**PLAINTIFF ROSALYN SHEREE WARREN'S FEDERAL COMPLAINT**

25. Plaintiff has established that discrimination occurred and that the Department failed to prevent the discrimination from occurring.

25. Department did not take all reasonable steps to prevent the discrimination from occurring.

WHEREFORE, Plaintiff demands judgment against defendant Department.

## STATEMENT OF STATE CLAIM
## FOURTH CLAIM FOR RELIEF

(Retaliation Pursuant to FEHA Against the Department)

26. The allegations and attachments set forth above in paragraphs 1 through 25, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

27. Plaintiff was harassed, retaliated against, given reprimands, A bad evaluation, and denied her job after her return from her medical/disability leave. She was treated this way because of her complaints and protesting the discrimination against her based on race, age, and, specifically, disability discrimination. The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act.

28. Defendant acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing her job was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's race, age,

**PLAINTIFF ROSALYN SHEREE WARREN'S FEDERAL COMPLAINT**

disability, and because she complained about her unlawful treatment. Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendant's pervasive and professionally unlawful conduct.

29. As a direct and proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, health benefits, bonuses, deferred compensation, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

30. Unlike other similarly situated employees, Defendant used Plaintiff's membership in protected classifications in order to discriminate against her, placed her in a detrimental position without any viable explanation, told other employees Plaintiff was incapable, incompetent, and grossly negligent.

31. As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against the Department.

# STATEMENT OF STATE CLAIM

# FIFTH CLAIM FOR RELIEF

(Harassment Against All Defendants)

32. The allegations and attachments set forth above in paragraphs 1 through 31, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

33. Plaintiff was harassed, retaliated against, threatened with and given reprimands, a subsequent bad evaluation, and terminated, all as a pretext so that the Defendants could engage in the unlawful discrimination. She was treated this way because of her complaints and protesting the discrimination against her based on race, disability, age discrimination, and because she engaged in freedom of speech when she complained and stated grievances regarding the treatment. The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act. Defendants knowingly encouraged the punitive, harassing acts against Plaintiff and did nothing to prevent them. The conduct was so severe and pervasive that it has caused Plaintiff to suffer from anxiety attacks and post-traumatic stress which also affected her physical well-being, aggravated, and exacerbated her disability.

34. Defendant acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing her job was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's race, age

disability, and engaging in a protected activity. Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendant's pervasive and professionally unlawful conduct.

35. As a direct and proximate result of Defendants' action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

36. Unlike other similarly situated employees, Defendant used Plaintiff's protective classifications in order to use a pretext in order to discriminate against her.

37. As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against the Department.

## STATEMENT OF A STATE CLAIM

## SIXTH CLAIM FOR RELIEF

(Violation of the California's FEHA in

Violation of Race Discrimination Against the Department)

38. The allegations and attachments set forth above in paragraphs 1 through 37, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

40. Plaintiff was retaliated against, harassed, terminated, and denied her civil rights in violation of the laws of the United States and California *just* because she is an African American. No other non-Black employee was treated in this discriminatory manner as Plaintiff.

WHEREFORE, Plaintiff requests relief as set forth below against the Department.

## STATEMENT OF A STATE CLAIM

## SEVENTH CLAIM FOR RELIEF

(Violation of California's FEHA in

Violation of Disability Discrimination Against the Department )

41. The allegations and attachments set forth above in paragraphs 1 through 40, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

42. Defendants discriminated against Plaintiff based on her disabilities. No other employee with disabilities was treated on a continuous basis as Plaintiff has been treated.

WHEREFORE, plaintiff requests relief as set forth below against the Department.

## STATEMENT OF A FEDERAL CLAIM

## EIGHTH CLAIM FOR RELIEF

(Violation of the Rehabilitation Act of 1973, § 504 Against the Department)

43. The allegations and attachments set forth above in paragraphs 1 through 42, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

44. Plaintiff was not accommodated without retaliation and harassment. She suffered a materially adverse employment action when she was on and then off her *disability leave* and the refusal to accommodate her, verbal reprimands, termination etc., *all* for the purpose of *retaliation* because of her membership in protected classifications and her complaints regarding this retaliation.

45. The refusal by SCPMG to accommodate Plaintiff is an adverse action to punish her which establishes a *prima facie* case of retaliation under the Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794 and was in retaliation. But-for

Plaintiff's complaints and on-going retaliation of using Plaintiff's disabilities against her, this violation would not have occurred.

46. Plaintiff was not required to exhaust her administrative remedies under Section 504 of the Rehabilitation Act of 1973 because the Ninth Circuit has stated that "private plaintiffs suing under section 504 need not first exhaust administrative remedies." *Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir. 1990). The question is not one of procedure but whether or not the employer violated the Act. 29 U.S.C. § 794(d).

WHEREFORE, Plaintiff demands judgment against Defendant Department.

## STATEMENT OF STATE CLAIM

## NINTH CLAIM FOR RELIEF

(Failure To Accommodate Against All SCPMG)

47. The allegations and attachments set forth above in paragraphs 1 through 46, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

48. Plaintiff was not accommodated for her disability or that of her son but was harassed, retaliated against, threatened with and given reprimands, a subsequent bad evaluation, and terminated, all as a pretext so that the defendants could engage in the unlawful discrimination. She was treated this way because of her complaints and protesting the discrimination against her based on race, disability, age

discrimination, and because she engaged in freedom of speech when she complained and stated grievances regarding the treatment. The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act. These individuals Defendants along with the Department knowingly encouraged the punitive, harassing acts against Plaintiff and did nothing to prevent them. The conduct was so severe and pervasive that it has caused Plaintiff to suffer from anxiety attacks and post-traumatic stress which also affected her physical well-being, aggravated, and exacerbated her disability.

49. Defendant acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing her job because of not being accommodated was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's race, age disability, and engaging in a protected activity. Plaintiff's lack of an accommodation and emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendant's pervasive and professionally unlawful conduct.

50. As a direct and proximate result of Defendants' action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

51. Unlike other similarly situated employees, Defendant used Plaintiff's protective classifications in order to use a pretext in order to discriminate against her.

52. As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against the Department.

## STATEMENT OF STATE CLAIM

## TENTH CLAIM FOR RELIEF

(Violation of the Tenth Claim for Relief

Against Department for Common Law Wrongful Termination)

53. The allegations and attachments set forth above in paragraphs 1 through 52, inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

54. Defendant Department intentionally created and/or knowingly permitted working conditions that were so intolerable or aggravated at the time of Plaintiff's resignation that a reasonable employer would realize that a reasonable person in the

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

employee's position would end up being a victim of an adverse action used as a pretext.

55. Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, WARREN demands judgment which is more fully stated below against Department.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this matter.

## **PRAYER FOR RELIEF**

1. **Issue a permanent injunction** instructing the Department to reinstate Plaintiff in the position Plaintiff held before and immediately after her disability leave.

2. **Issue a declaration of rights** declaring that Defendants' retaliatory and harassing conduct as alleged in this complaint violates Plaintiff's civil and constitutional rights.

3. An award of monetary damages sufficient to fully compensate Plaintiff for

all losses she has suffered as a direct and proximate result of the Department's and its agents unequal, discriminatory, bullying, harassing, and retaliatory treatment of her, including affecting her accumulated sick time and salary.

4. An award of monetary damages sufficient to fully compensate Plaintiff for emotional trauma suffered by her, including damages for mental distress, emotional pain, loss of enjoyment of life, and other nonpecuniary losses.

5. An award of monetary damages as mandated by civil rights laws, both federal and state.

6. An award of monetary damages as mandated by the Fair Employment and Housing Act with a lodestar application.

7. An award of costs, including attorneys' fees pursuant to California Code of Civil Procedure, § 1021.5 and the federal 42 U.S.C., § 1988 and any other applicable statutes for attorneys' fees, both federal and state.

8. An award of costs, including attorneys' fees, to cover all of Plaintiff ROSALYN WARREN's actual costs.

9. An award of punitive damages.

10. An award of damages pursuant to federal law and the federal causes of action under other relevant federal provisions of law.

11. An award of damages for other relevant provisions of law.

12. An award of such other and further relief as the Court considers proper and just.

Dated: March 4, 2021

**LAW OFFICES OF GLORIA DREDD HANEY**

By: _/"s"/ Gloria Dredd Haney_
    Gloria Dredd Haney
    Attorney for Plaintiff
    **ROSALYN WARREN**

**PLAINTIFF ROSALYN SHEREE WARREN'S FEDERAL COMPLAINT**